**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMER M. AL SHALABI, | No. 09-71351 |
| Petitioner, | Agency No. A075-104-221 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before:      WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Amer M. Al Shalabi, a native and citizen of Jordan, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Shalabi testified that a neighbor threatened to kill him, that he was once jailed by police for two days, and that he suffers anxiety in Jordan. Substantial evidence supports the agency's denial of Shalabi's asylum and withholding of removal claims because he failed to demonstrate he was or will be harmed on account of a protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005); *see also Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) ("[t]he Real ID Act requires that a protected ground represent 'one central reason' for an asylum applicant's persecution").

Substantial evidence also supports the agency's denial of CAT relief because Shalabi failed to show it is more likely than not he will be tortured by or with the acquiescence of the government if returned to Jordan. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Because Shalabi was given a full and fair hearing on his claims and a reasonable opportunity to present evidence, we reject his due process claims. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926-27 (9th Cir. 2007).

Further, because the BIA applied the correct legal standard to Shalabi's cancellation of removal claim, we lack jurisdiction to review the agency's discretionary hardship determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

Finally, we lack jurisdiction to consider Shalabi's unexhausted contention that he is eligible for a U visa. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**